**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000220
12-SEP-2012
08:11 AM**

NO. CAAP-10-0000220

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
HOUNES H. WAGNER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-10-03779)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Hounes H. Wagner (**Wagner**) appeals from the Honolulu Division of the District Court of the First Circuit's (**District Court**) Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), filed on December 6, 2010.[1] Following a bench trial, Wagner was found guilty of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of HRS § 291E-61(a)(1) (Supp. 2010), had his license revoked for 90 days, was required to pay various fines and fees, and was referred to an alcohol assessment program. This timely appeal followed.

On appeal, Wagner raises two points of error:

(1) The District Court erred when it denied Wagner's motion to dismiss in which he argued that the court lacked

---

[1] The Honorable William Cardwell presided.

subject matter jurisdiction to convict Wagner pursuant to HRS § 291E-61(a)(1) because the oral charge failed to allege the requisite mens rea; and

(2) there was no substantial evidence to prove that Wagner was under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wagner's points of error as follows:

(1) In State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012), the Hawai'i Supreme Court held, inter alia, that mens rea must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation. Accordingly, the District Court erred in concluding that mens rea need not be alleged in an HRS § 291E-61(a)(1) charge and Wagner's HRS § 291E-61(a)(1) charge was deficient for failing to allege mens rea.

(2) We reject Wagner's contention that there was insufficient evidence to support a conviction. Based on Officer Ho's testimony concerning his observation of Wagner's driving and the "really strong odor of an alcoholic type beverage" on Wagner, there was sufficient evidence to support Wagner's conviction. We presume that the District Court was not influenced by incompetent evidence (see State v. Vliet, 91 Hawai'i 288, 298, 983 P.2d 189, 199 (1999)) and, here, the District Court expressly acknowledged that there was no evidence introduced as to Wagner's blood-alcohol content.

For these reasons, it is hereby ordered that the District Court's December 6, 2010 Judgment is vacated and the matter is remanded for dismissal of the charge without prejudice.

DATED: Honolulu, Hawaiʻi, September 12, 2012.

On the briefs:

Jeffrey A. Hawk
(Hawk Sing Ignacio & Waters)
for Defendant-Appellant

Keith M. Kaneshiro
Prosecuting Attorney
Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

3